FILED

2008 Feb 22 AM 10:59

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CAMERON SCOTT FLEMING, | ) | CASE NO. 08-60360 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

This matter is before the Court on Debtor's Application to Proceed *in forma pauperis* (hereafter "application") filed on February 14, 2008.

Following passage of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, debtors are permitted to seek a waiver of the bankruptcy filing fee. Pursuant to 28 U.S.C. § 1930(f), a "bankruptcy court may waive the filing fee . . . if the court determines that such individual has less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments." By the terms of the statute, a court's ability to waive the fee is permissive, not mandatory ("may waive"), and is premised upon a finding that a debtor the qualitative and quantitative standards. *See* In re Stickney, 370 B.R. 31 (Bankr. D. N.H. 2007); In re Burr, 344 B.R. 234 (Bankr. W.D.N.Y. 2006). In a two-prong test, a debtor must first demonstrate that debtor's income is less than 150 percent of the official poverty limit, then must show an inability to pay the filing fee in installments. *See, e.g.,* Stickney at 36; In re Bradshaw, 349 B.R. 511 (Bankr. E.D. Tenn. 2006). Debtor carries the burden of proof on the elements and must establish both prongs by a preponderance of the evidence. In re Machia, 360 B.R. 416 (Bankr. D. Vt. 2007) Burr, 344 B.R. 234; In re Lineberry, 344 B.R. 487 (Bankr. W.D. Va. 2006). The court makes the determination to approve or deny an in forma pauperis application based on a totality of the circumstances. *See* Stickney, 370 B.R. 31; In re Robinson, 2007 WL 3498296 (Bankr. S.D. Ga. 2006) (not reported); Bradshaw, 349 B.R. 511; Machia, 360 B.R. 416.

In accordance with the above, the court will first determine whether Debtor's income is 150 percent of the poverty level. According to the Department of Health and Human Services 2008 Poverty Level Guidelines, available at http://aspe.hhs.gov/poverty/08poverty.shtml, the poverty income for a family of one is $10,400.00. At 150 percent of poverty, the poverty income is $15,500.00 annually, or $1,300.00 per month.

Schedule I indicates that Debtor nets $494.68 per month from employment and receives $160.00 per month in food stamps, for a total monthly income of $654.68.

However, the court does not agree with these amounts. According to Debtor's statement filed with the employee income records, Debtor recently obtained employment. Three pay stubs were attached indicating net earnings of $82.67, $288.29, and $247.34. This is an average weekly net pay of $206.10, which results in an average monthly net income of approximately $893.00, not $654.68. With the addition of the food stamps as income, Debtor has approximately $1,053.00 in income per month. Based on this figure, the court finds that Debtor is below the 150% poverty threshold and therefore satisfies the first prong of the test.

Next, the court must determine if Debtor has the ability to pay the filing fee in installments. After a thorough review of the application, the court finds that Debtor failed to carry the burden of proof on the second prong and has not demonstrated an inability to pay the filing fee in installments. Debtor's expenses, totaling $928.00, not only reasonable, but modest. Although Schedule J shows a monthly shortfall of $273.32, the amount was calculated using the income on Schedule I, which the Court finds to be incorrectly calculated. When the correct monthly income is utilized, it results in a surplus of $125.00 per month, an amount sufficient to pay the filing fee in installments.

Based on the above, the court cannot conclude that Debtor demonstrated, by a preponderance of the evidence, entitlement to a waiver of the filing fee. Therefore, the court hereby **DENIES** Debtor's application to proceed *in forma pauperis*. Debtor shall be permitted to pay the filing fee in installments of $75.00 until the fee is paid in full and may pay the amount in full anytime during the payment plan.[1] The first payment is due on **March 14, 2008**. If paying by mail, Debtor shall send a money order, payable to Clerk, United States Bankruptcy Court, to United States Bankruptcy Court, 201 Cleveland Ave., S.W., Canton, OH 44702. If paying in person, Debtor shall bring either the exact amount of cash or a money order, payable to Clerk, United States Bankruptcy Court, to the Clerk's Office. Failure to pay the filing fee in accordance with this order will result in dismissal of the case.

An order in accordance with this decision shall be issued immediately.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

---

[1] The payment schedule is as follows:
| | |
|---|---|
| March 14, 2008: | $75.00 |
| April 15, 2008: | $75.00 |
| May 15, 2008: | $75.00 |
| June 16, 2008: | $74.00 |

**Service List**:

Cameron Scott Fleming
1560 Keuper Blvd NE
Apt. 109
Massillon, OH 44646

Jaime-Lyn Poh
Community Legal Aid Services Inc
306 Market Ave N, Ste 730
Canton, OH 44702

Anthony J. DeGirolamo, Trustee
Courtyard Centre, Suite 625
116 Cleveland Ave., N.W.
Canton, OH 44702